William J. Reagan, S.
This is a petition by the attorney in fact of Mate Primorac, also known as Mato Primorac, who is a resident of the country of Yugoslavia, requesting that an amount of approximately $14,663.98, which has been on deposit with the Erie County Department of Finance, be paid to the said Yugoslavian national under the last will and testament of the above deceased who died a resident of this county on February 9, 1965.
The underlying question presented to this court is whether under section 269-a of the Surrogate’s Court Act a Yugoslavian resident will actually enjoy the use, benefit and control of the funds left him. This is another application that has plagued this court and other similar Surrogate’s Courts in our State for some time.
This question has even reached the United States Supreme Court, who decided, in Kolovrat v. Oregon (366 U. S. 187), that the funds should be distributed to a resident of Yugoslavia, citing an 1881 treaty between the United States and Serbia as predecessor of Yugoslavia. Subsequently, the question again reached the United States Supreme Court in 1964 in Matter of Belemecich (411 Pa. 506, revd. sub nom. Consul General of Yugoslavia v. Pennsylvania, 375 U. S. 395) wherein, in interpreting a statute quite similar to our own, they directed the payment of an intestate share to relatives living in Yugoslavia.
In Matter of Mile, decided by this court on July 27, 1964, certain intestate shares were ordered to be transmitted to Yugoslavian nationals and, upon the condition that satisfactory receipts be obtained, the administrator and the bonding company were discharged.
It is the feeling of this court that because there is a substantial amount of money involved in this petition, that it should not be paid in full at one time to the beneficiary. Instead, this court is of the- opinion that satisfactory evidence should be presented, prior to release of the entire amount, that the individual entitled to receive the funds actually has done so, before releasing the total amount.
Therefore, this court now directs payment of 50% of the total funds on deposit with the Erie County Department of Finance to the beneficiary, Mate Primorac, also known as Mato Primorac and, upon evidence satisfactory to this court having been presented that the beneficiary actually received the substantial portion of these funds, an order will be granted directing the transmittal of the balance.